The document below is hereby signed. The order contained in the document is stayed for 14 days after the date of the clerk's entry of the document.  SO ORDERED.

Dated: December 9, 2011.

_____
**S. Martin Teel, Jr.**
**U.S. Bankruptcy Judge**

```
            UNITED STATES BANKRUPTCY COURT
             FOR THE DISTRICT OF COLUMBIA
```

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| BELINDA JACKSON, | ) | Case No. 11-00524 |
| | ) | (Chapter 13) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER DISMISSING DEBTOR'S OBJECTION
BASED ON PROMISSORY ESTOPPEL TO CLAIM 3 OF FLAGSTAR BANK, FSB

The debtor objects to Flagstar Bank's Proof of Claim (Claim 3), arguing that Flagstar Bank, FSB ("Flagstar Bank") made an enforceable promise to enter into a permanent mortgage loan modification agreement under the Home Affordable Modification Program ("HAMP").  For the reasons that follow, the court will dismiss the objection.

I

The debtor received two letters in early 2010 from Flagstar Bank.  The February 4, 2010 letter informs the debtor that she "may be eligible for the Home Affordable Modification Program" and that "[a]t first, you will make the new monthly mortgage payment during a Trial Period.  If you make those payments and fulfill all Trial Period conditions, Flagstar Bank, fsb will

permanently modify your mortgage loan."

The April 13, 2010 letter from Flagstar Bank states: "Congratulations! You are approved to enter into a trial period plan under the Home Affordable Modification Program." The letter lists payments in the amount of $803.62 due on 5/1/2010, 6/1/2010, and 7/1/2010.  The letter goes on to explain that "[a]fter all trial period payments are timely made and you have submitted all the required documents, your mortgage would then be permanently modified if you qualify."  The debtor states that she complied with the terms of the letters dated February 4, 2010 and April 13, 2010.

The following year the debtor received two letters from Flagstar Bank, both dated March 21, 2011 (Exhibit C).  The letters offer the debtor a "Modification Agreement" and explain that "[t]o accept this offer, <u>you must sign and return both copies</u> of the Modification Agreement <u>to us</u>."  (Exhibit C).

In a Response to Claimant's Requests for Admissions filed on November 16, 2011, the debtor admits that she has "not fully executed copy of a loan modification agreement"  (Dkt. No. 59).

The debtor's objection alleges that "[a]t the conclusion of Debtor's [trial period plan], Flagstar Bank demanded in excess of $17,000 from debtor to prevent the foreclosure sale of Debtor's principle residence instead of permanently modifying debtor's mortgage per the terms of loan modification offers."

II

As a preliminary matter, it appears that the documents submitted in support of the debtor's objection are incomplete and out of order.  The "Summary" on page two of Exhibit A appears to be one of the attachments to the March 21, 2011 letters, not an attachment to the February 4, 2010 letter.  The first March 21, 2011 letter states at the bottom that the attachments include a "Summary of Your Modified Mortgage, Two copies of the Modification Agreement."  In addition, the "Summary" makes several references to the "enclosed Modification Agreement," and states that the "enclosed Modification Agreement includes a payment schedule in Section 3.C. showing your payment plan for the life of your modified loan after the trial period."  This seems like a clear reference to the Modification Agreement offered in the letters of March 21, 2011, in Exhibit C.  Therefore, it seems likely that the "Summary" was sent to the debtor with the March 21, 2011 letters.  The court also notes that the debtor has not included a copy of the Modification Agreement referenced in both the March 21, 2011 letters and the "Summary".

Furthermore, the April 13, 2010 letter (Exhibit B) lists the following attachments: (1) Checklist; (2) Frequently Asked Questions and (3) Additional Trial Period Plan Information and Legal Notices.  It appears that the debtor has mistakenly

included the "Checklist" as page 3 of Exhibit A.  The debtor has not submitted the Frequently Asked Questions or the Additional Trial Period Plan Information and Legal Notices referenced in the April 13, 2010 letter.

### III

The debtor submits that Flagstar Bank made an enforceable promise to permanently modify the debtor's mortgage loan.  She contends that the "three modification offers constituted promises which debtor reasonably expected to induce forbearance of foreclosure proceedings.  Debtor detrimentally relied upon these promises made by Flagstar Bank to save her home from foreclosure.  Accordingly, injustice can only be avoided through enforcement of the promise."  She argues that Flagstar Bank is promissorily estopped from alleging any amounts owed other than the amounts due under the HAMP loan modification that Flagstar Bank offered to her.

The debtor further requests that Flagstar Bank be ordered to comply with the terms of "the [HAMP Loan Modification] agreement by . . . waiving all charges that have accrued and remain unpaid."  The court construes this as a claim that Flagstar Bank is promissorily estopped from claiming late fees that were waived during the trial period plan.

In response, Flagstar Bank argues that "courts have held that borrowers do not have an express or implied right of action

under HAMP." Flagstar Bank also alleges that the debtor has not provided evidence of any actual agreement reached between the lender and the debtor for a permanent loan modification.

A.

Flagstar Bank argues that the debtor's objection fails because no private right of action exists under HAMP, citing *Allen v. CitiMortgage, Inc.*, 2011 WL 3425665 (D. Md. Aug. 4, 2011). However, here the debtor asserts a claim of promissory estoppel under the common law of the District of Columbia. The "mere fact [the debtor's] claims arise from a fact pattern implicating HAMP does not preclude [the debtor] from asserting claims premised upon the common law and statutory law of [the District of Columbia]." *Olivares v. PNC Bank*, 2011 WL 4860167, at *5 (D. Minn. Oct. 13, 2011); *see also Bosque v. Wells Fargo Bank, N.A.*, 762 F. Supp. 2d 342, 351 (D. Mass. 2011); *Darcy v. CitiFinancial, Inc.*, 2011 WL 3758805, at *4 (W.D. Mich. Aug. 25, 2011); *Allen v. CitiMortgage, Inc.*, 2011 WL 3425665, at *5 (explaining that "even if a private right of action does not exist under HAMP, the [plaintiffs] may be permitted to assert a breach of contract claim stemming from the [Trial Period Plan] Agreement as long as they have stated a proper claim in their amended complaint.")

B.

The debtor's motion and supporting documents do not

5

establish the existence of a loan modification agreement with Flagstar Bank. Indeed, an examination of the exhibits reveals that Flagstar Bank made clear to the debtor that no loan modification would be in place unless and until both Flagstar Bank and the debtor executed a modification agreement.

The debtor received an offer for a permanent modification of her loan in the letters of March 21, 2011. The letters expressly state that to accept the offer, the debtor "must sign and return both copies of the Modification Agreement" and that the "modification agreement will not be binding or effective unless and until it has been signed by both you and Flagstar" (Exhibit C). The debtor has admitted that she did not execute a copy of a loan modification agreement (Dkt. No. 59). Accordingly, debtor's objection to Flagstar Bank's Claim 3 as to the amounts owed over and above the amount due under the alleged modification agreement is dismissed with prejudice, because the debtor did not execute the modification agreement.

C.

The debtor's claim that Flagstar Bank is promissorily estopped from claiming late fees accrued during the trial period plan must also be dismissed. To successfully establish a claim of promissory estoppel under District of Columbia law "there must be evidence of a promise, the promise must reasonably induce reliance upon it, and the promise must be relied upon to the

detriment of the promisee." *Simard v. Resolution Trust Corp.*, 639 A.2d 540, 552 (D.C. 1994).

The debtor provides no evidence of a promise made *prior* to the debtor entering into the trial period plan.  Three of the documents attached to the debtor's motion contain statements by Flagstar Bank that it will waive late fees.  First, the "Summary" document states in bold: "If you fulfill the terms of the trial period including, but not limited to, making any remaining trial period payments, we will waive ALL late charges that have accrued and remain unpaid at the end of the trial period" (Exhibit A).  Second, the first letter of March 21, 2011 states that "if you comply with the terms of the Home Affordable Modification trial period plan, we will modify your mortgage loan and waive all prior late charges that remain unpaid" (Exhibit C).  Third, the second letter of March 21, 2011 states that "[a]ny previously assessed, outstanding late fees will be waived once the modification is complete" (Exhibit C).

All of these alleged promises appear in documents from March 21, 2011, more than a year after the first letter offering the debtor a trial period plan.[1]  By the time these statements were communicated to the debtor, she had already made trial period payments.  Accordingly, the debtor has not shown the existence of

---

[1] As noted previously, it appears that the "Summary" is an attachment to the March 21, 2011 letter, not the February 4, 2011 letter.

7

a promise to waive fees at the time she entered the trial period plan, nor that she relied upon such a promise in making her trial period payments, and the objection is dismissed.

Nevertheless, because there appear to be relevant documents missing from the exhibits and misplaced documents in the exhibits, the court will dismiss this claim without prejudice to the debtor refiling an objection as to the late fees accrued during the trial period plan, and filing with the objection a complete set of the relevant HAMP documents, submitted in the correct order.

IV

For all of the foregoing reasons, it is

ORDERED that the debtor's objection to Claim 3 is DISMISSED with prejudice to the extent the claim is based on the existence of a loan modification agreement with Flagstar Bank.  It is further

ORDERED that the debtor's objection to Claim 3, to the extent the claim is based on the alleged waiver of late fees accrued during the trial period plan, is DISMISSED without prejudice to the refiling of the motion with a complete set of all relevant supporting documents, submitted in the correct order.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 13 Trustee;

Diana C. Theologou, Esq.
McCabe, Weisberg, & Conway
8101 Sandy Spring Road, Ste. 100
Laurel, MD 20707